## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　*Plaintiff*,<br><br>　　　v.<br><br>NILDA GARCIA,<br>　　　*Defendant*. | No. 3:21-cr-23 (VAB) |

## RULING AND ORDER ON MOTION TO SCHEDULE AN ARRAIGNMENT AND JURY SELECTION AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

On October 11, 2024, The United States of America (the "Government") moved to schedule an arraignment and jury selection and to exclude time under the Speedy Trial Act, ECF No. 104.

On November 4, 2024, the Court ordered the parties to submit further briefings on the implications of the delay in this case on Ms. Garcia's constitutional speedy trial right by November 15, 2024, and replies to those filings by November 22, 2024. Order, ECF No. 105.

On November 15, 2024, the Government submitted a memorandum on the implications of the delay in this case on Ms. Garcia's constitutional speedy trial right.

At the time of this Order, Ms. Garcia has not submitted any additional filings.

For the following reasons, the Government's motion to schedule an arraignment and jury selection and to exclude time under the speedy trial act is **GRANTED**.

### I.    The Statutory Speedy Trial Act Analysis

A criminal trial "shall commence within seventy days from the filing date (and making public) of the information and indictment, or from the date the defendant has appeared before a

judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

In calculating this seventy-day period, however, there are "periods of delay [which] shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time in which the trial of any such offense must commence . . . ." 18 U.S.C. § 3161(h). In other words, determining the applicable seventy-day period for a criminal trial may require excluding the time allotted for certain events enumerated in the Speedy Trial Act statute. *See United States v. Vasquez*, 918 F.2d 329, 332 (2d Cir. 1990) (noting that the Speedy Trial Act "provides for the exclusion of certain periods from computation of the seventy day limit.").

One such excluded time period is a "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A). As to this time period, during the proceedings necessary to determine the mental competency of the defendant, any such delays "must be excluded from the calculation of the speedy trial clock whether or not they are reasonable." *Vasquez*, 918 F.2d at 333 (relying on *Henderson v. United States*, 476 U.S. 321, 330, which interpreted another provision of 18 U.S.C. § 3161, 18 U.S.C. § 3161(h)(1)(F) as excluding "all time" regardless of whether the delay was "reasonably necessary"); *see also United States v. Calix*, 787 F. App'x 4, 6 (2d Cir. 2019) ("[W]e have held that § 3161(h)(1)(A) requires that delays associated with competency proceedings must be excluded from the calculation of the speedy trial clock whether or not they are reasonable." (quotation omitted)); *United States v. Brennan*, 354 F. Supp. 3d 250, 263-65 (W.D.N.Y.), aff'd, 928 F.3d 210 (2d Cir. 2019) (applying *Vasquez* to automatically exclude delays made from administrative mistakes related to a competency trial); *Wells v. United States*, No. CIV. 3:07CV1740 JBA, 2010 WL 363339, at *5 n.4 (D. Conn. Jan. 25, 2010) (finding that

2

the dates from when the motion for a competency evaluation was made till the date the court found him competent to trial is properly excluded under 18 U.S.C. § 3161(h)(1)(A)).

Here, on September 21, 2021, the Court referred this case for a competency hearing, ECF No. 25, and U.S. Magistrate Judge Robert Spector determined that Nilda Garcia, the Defendant, is competent to stand trial. ECF No. 80 (July 26, 2022). The Court has now adopted that ruling and recommendation. ECF No. 107 (Dec. 6, 2024). The Government now seeks to have Ms. Garcia arraigned, to have jury selection date set for, and to have the period from September 21, 2021, until the jury selection date, excluded from the Speedy Trial Act calculations.

Ms. Garcia orally has objected, arguing that the delay in ultimately resolving her competency deprived her of her Speedy Trial Act rights.

The Court disagrees.

Because Ms. Garcia has been deemed competent, and this Court has now adopted the ruling and recommendation of Judge Spector in finding her so, the time necessary to determine her mental competency from September 21, 2021, until the Court's ruling on December 6, 2024, must be excluded from the Speedy Trial Act calculations, regardless of whether this lengthy delay was unreasonable. *See Vasquez*, 918 F.2d at 333 (excluding "all time" regardless of whether the delay was "reasonably necessary"); *Brennan*, 354 F. Supp. 3d 250, 263-65 (applying *Vasquez* to automatically exclude delays made from administrative mistakes related to a competency trial); *Wells*, No. CIV. 3:07CV1740 JBA, 2010 WL 363339, at *5 n.4 (finding that the dates from when the motion for a competency evaluation was made till the date the court found him competent to trial is properly excluded under 18 U.S.C. § 3161(h)(1)(A)).

Although Ms. Garcia has not raised a constitutional Speedy Trial Act argument, the Court nonetheless will analyze the necessary factors here, especially since the Court's own delay in

adopting Judge Spector's ruling has delayed the resolution of this case.

## II.    The Constitutional Speedy Trial Right Analysis

"The Sixth Amendment guarantees that, '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial....'" *Doggett v. United States*, 505 U.S. 647, 651 (1992) (alterations in original). The Supreme Court has laid out a four-factor test to determine whether the Sixth Amendment has been violated by a pre-trial delay: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Id*. (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

"The first factor, the length of delay, serves as a triggering mechanism that places a speedy trial violation on the table and requires us to balance the other factors. Once a defendant demonstrates a presumptively prejudicial delay based on the interval between accusation and trial, then we can consider the reason for the delay, the assertion of the right, and prejudice." *United States v. Black*, 918 F.3d 243, 254 (2d Cir. 2019) (internal quotations omitted)

First, in this case, Ms. Garcia's initial appearance in this case was on February 24, 2021, well over three years ago. Minute Entry, ECF No. 3 (Feb. 24, 2021). This delay is presumptively prejudicial such that a *Barker* inquiry is warranted. *See United States v. Moreno*, 789 F.3d 72, 82 n.10 (2d Cir. 2015) (engaging in a *Barker* inquiry after a 27-month delay *by* determining that the "presumptively prejudicial" threshold for a *Barker* inquiry is "usually one year").

Second, regarding the reason for delay, the pretrial delays at the beginning of this case were due to proper litigation of the issue of mental competency between the Government and Ms. Garcia. *See* Motion for Court Ordered Competency Hearing by Ms. Garcia, ECF No. 4 (Apr. 2, 2021) (motion was subsequently granted); Motion to Continue Competency Hearing and for

4

Additional Competency Evaluation by the Government, ECF No. 29 (Oct. 13, 2021) (same); Second Motion to Continue Competency Hearing by the Government, ECF No. 35 (Jan. 12, 2022) (same); Oral Motion to Continue Competency Hearing by Ms. Garcia, ECF No. 40 (Feb. 17, 2022) (same); Consent Motion to Continue Competency Evaluation by Ms. Garcia, ECF No. 43 (Mar. 1, 2022) (same). "[T]he Sixth Amendment is rarely violated if the delay is attributable entirely to the defendant . . . or . . . serves some legitimate government purpose[.]" *United States v. Cabral*, 979 F.3d 150, 158 (2d Cir. 2020) (internal quotation marks omitted) (citing *Moreno*, 789 F.3d at 79).

But, since Magistrate Judge Spector issued his findings and recommending ruling on the issue of mental competency on July 26, 2022, Sealed Findings and Recommended Ruling, ECF No. 79, the reason for pretrial delay has been the Court's delay in adopting the recommended findings. Fault for such a delay rests with the Government. *See e.g.*, *United States v. Vispi*, 545 F.2d 328, 334 (2d Cir. 1976) (finding that delay from "the district court's lethargy in the handling" of the case was attributable to the government) ("Regardless of the judge's inaction or the fact that the delay may have been in part attributable to institutional factors, the government was not entitled to sit back . . . .; it owed the additional duty of monitoring the case and pressing the court for a reasonably prompt trial."); *United States v. Tigano*, 880 F.3d 602, 615 (2d Cir. 2018) (counting against the government "a failure of the court to prioritize [a] long-lingering criminal case").

Third, looking at assertion of the right, defense counsel for Ms. Garcia did not raise a speedy trial issue until the telephonic status conference on October 8, 2024, Minute Entry, ECF No. 102, nearly twenty-seven (27) months after the case had been on hold following the issuance of the Magistrate Judge's mental competency findings on July 26, 2022. Sealed Findings and

Recommended Ruling, ECF No. 79. Defense counsel has also not responded to the Court's order

for additional briefing on this issue. Order, ECF No. 105. Such a delay in asserting Sixth

Amendment rights weighs against the Defendant. *See United States v. Vasquez*, 918 F.2d 329,

338 (2d Cir. 1990) ("The third factor weighs heavily against appellants.... [B]oth defendants

waited roughly 22 months before advancing their speedy trial claims, and this hardly renders

plausible their contention that an expeditious resolution of their cases was a matter of pressing

constitutional importance for them."); *United States v. McGrath*, 622 F.2d 36, 41 (2d Cir.

1980) (weighing the third *Barker* factor against the defendants where they "waited until

immediately before trial to file their motion to dismiss on speedy trial grounds").

The Supreme Court has found that "barring extraordinary circumstances, we would be

reluctant indeed to rule that a defendant was denied this constitutional right on a record that

strongly indicates … that the defendant did not want a speedy trial." *Barker v. Wingo*, 407 U.S.

514, 536 (1972). While not dispositive, the continual lack of an assertion of the speedy trial right,

despite an Order from the Court requesting briefing on such issue, must be considered. *See*

*United States v. Tigano*, 880 F.3d 602, 617-618 (2d Cir. 2018) ("A defendant's lack of vigor in

pursuing this right – or his deliberately dilatory behavior in forestalling trial – are factors to be

considered in our analysis, but a defendant's failure to formally raise the right via motion does

not necessarily count against the defendant, as the government argues it should."); *see id.* at 618

("Quite simply, the right to a speedy trial belongs to the defendant, not to defendant's counsel."

(footnote omitted)).

Finally, there is the issue of prejudice. Excessive pretrial delay can inflict three kinds of

cognizable prejudice: (i) "oppressive pretrial incarceration," (ii) "anxiety and concern of the

accused," and (iii) "the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532.

Ms. Garcia is not being held pretrial; as a result, there has been no "oppressive pretrial incarceration. *See* Minute Entry, ECF No. 19 ("Bond set for Nilda Garcia (1)- Personal Recognizance").

As to the other types of prejudice, on this record, there is no showing of any kind of anxiety and concern or potential impairment of the defense. *Cf. Moreno*, 789 F.3d at 81 ("[Defendant] suggests – with no evidentiary support – that he suffered trial prejudice because he may no longer remember certain phone conversations that the government plans to introduce against him. That conjecture is insufficient for a particularized showing of prejudice in this case." (citation omitted)). But "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *United States v. Black*, 918 F.3d 243, 264 (2d Cir. 2019) (citation and internal marks omitted).

And, a court can presume prejudice where there has been a very long delay from the delay itself. In this case, the salient issue is whether this case is one of those "exceedingly rare instances in which the length of delay alone supports a showing of prejudice." *Moreno*, 789 F.3d at 82; *see id.* ("We have regularly rejected Sixth Amendment claims based on multi-year delays causing greater prejudice than the delay in this case." (citations omitted)).  The delay here is twice as long—well over 36 months—than delays upheld as not unreasonable in the Second Circuit, *see id.* (citing to Second Circuit decisions upholding delays of 17-months and 12 months respectively), but not as long as the delay relatively recently found intolerable by the Second Circuit.  *See Black*, 918 F.3d at 266 ("The court and government here made [the defendants] await trial for five years and eight months. . . . The Sixth Amendment right to a speedy trial requires significantly more vigilance from the court and the government than as demonstrated here."). Having considered all of this, the issue of prejudice does favor Ms. Garcia.

Nevertheless, in the absence of the absence of "oppressive pretrial incarceration," and on a record with no particularized showing of prejudice as to how this undeniably lengthy delay will affect Ms. Garcia's ability to defend herself against the pending charge, *see Moreno¸* 789 F.3d at 81 ("[T]he inability of a defendant adequately to prepare [her] case skews the fairness of the entire system."), the balance of all of the relevant factors weighs in favor of moving this case forward to trial. *See United States v. Cabral*, 979 F.3d 150, 157 (2d Cir. 2020) ("Under a *Barker* analysis, no one factor is necessary or sufficient to find a deprivation of the right to a speedy trial. Thus, delay, no matter how lengthy, cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria. Instead, all factors must be considered together with such circumstances as may be relevant." (citations and internal quotation marks omitted)); *Tigano*, 880 F.3d at 618 ("The speedy trial right is guaranteed to all defendants by the Sixth Amendment and its precise contours are determined by courts on an '*ad hoc* basis' considering the facts of each case, including the defendant's invocation of that right." (citation omitted)); *cf. Black*, 918 F.3d at 266 (considering, in addition to the "sheer length of the time between indictment and trial, the neglected death-penalty decision, and the tardy superseding indictment", as well as "the cost of five years and eight months of incarceration . . . at the psychological expense of uncertainty over whether [the defendants] would face the death penalty for two years and ten months."); *Tigano*, 880 F.3d at 618 ("[Defendant's] nearly seven years of pretrial incarceration were egregiously oppressive; we reiterate that this appears to be the longest period of pretrial incarceration we have seen in the a speedy trial context in this Circuit. . . . . [Defendant] made clear that he preferred to have the matter decided rather than living with the anxiety and uncertainty of charges hanging over his head . . . . This anxiety is the type of prejudice the Sixth Amendment right to a speedy trial was designed to prevent.").

Accordingly, Ms. Garcia's Sixth Amendment rights were not violated due to the delay in this case, and the Government's motion will be granted.[1]

## III.    CONCLUSION

For the foregoing reasons, the Government's motion to schedule an arraignment and jury selection and to exclude time under the Speedy Trial Act is **GRANTED**.

The time from the date of this Ruling and Order until the new proposed jury selection date of January 30, 2025, is excluded, under 18 U.S.C. §§ 3161(h)(7)(A), because the ends of justice outweigh the best interest of the public and the Defendant in a speedy trial and the failure to grant a continuance would deny the parties, including Ms. Garcia, the reasonable time necessary for effective preparation for trial, including but not limited to the time necessary to explore a resolution of this matter short of trial, taking into account the exercise of due diligence. *See United States v. Lynch*, 726 F.3d 346, 355 (2d Cir. 2013) ("Because the district court had articulated its findings supporting its determination that the ends of justice would be served before granting the continuance, and those findings fulfilled the criteria set out in 3161(h)(7)(B), the district court complied with *Zedner*." (citing *Zedner v. United States*, 547 U.S. 489, 491 (2006) (express Speedy Trial Act findings must be put on the record))).

Arraignment is scheduled for **December 18, 2024**. Jury Selection is set for **January 30, 2025.** The period of time from **September 21, 2021**, until **January 30, 2025**, shall be excluded from the Speedy Trial Act calculations.

**SO ORDERED** at New Haven, Connecticut this 6th day of December, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[1] To the extent that a particularized showing of prejudice to Ms. Garcia can sufficiently be shown before trial, regardless of the absence of any pretrial incarceration, the Court may consider revisiting this Ruling and Order.